IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRYANT DAVIS,
a/k/a BRYANT DAVIDSON,

   Plaintiff,

v.

VIAPATH TECHNOLOGIES, et al.,

   Defendants.

Civil Action: MJM-24-0916

## MEMORANDUM

Plaintiff Bryant Davis, while incarcerated at Jessup Correctional Institution ("JCI"), filed a complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants interfered with his ability to contact legal counsel and then retaliated against him for filing grievances. ECF No. 1. Davis has since been transferred to Western Correctional Institution ("WCI"). ECF No. 12. Davis paid the filing fee as directed by the Court. ECF No. 8.

For the reasons discussed below, Davis will be provided with an opportunity to file an amended complaint. Davis's motions for a preliminary injunction and a request for a hearing, ECF No. 6, and for appointment of counsel and for service by the U.S. Marshal, ECF No. 10, will be denied without prejudice.

    **I.**    **Complaint**

Because Davis is incarcerated, 28 U.S.C. § 1915A(a) requires the Court to conduct an initial screening of the complaint. The Court shall dismiss a complaint if the action (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. 1915A(b).

Davis alleges that, while incarcerated at JCI, he participated in the prison's "tablet program" and was issued a tablet that was activated on January 19, 2023. ECF No. 1 at 1. He

states that from January 19, 2023, through December 23, 2023, Defendants prevented him from using the tablet to send messages to his family so that he could have them contact Department of Corrections "supervisors" such as Governor Wes Moore, Lieutenant Governor Miller, and Secretary Carolyn Scruggs. *Id.* at 1–2. Davis summarily asserts that Defendants interfered with his contact with his family in retaliation for his filing of grievances. *Id.* at 2. He complains that grievances he filed regarding "issues" with his tablet were ignored. *Id.*

Davis also states that for the first ten days of each 90-day period from January 19, 2023, to March 18, 2024, Defendants prevented him from adding or replacing attorney telephone numbers on his list of ten allowed telephone calls. *Id.* at 3. He states that as a result of Defendants' actions, on November 6, 2023, he had to appear for a resentencing hearing without an attorney present and was also denied an attorney to file post-trial motions. *Id.* at 3–4. Davis again summarily asserts that Defendants acted in retaliation for his filing grievances and lawsuits. *Id.* at 3. In a grievance he filed, Davis states that he is being sanctioned "without doing anything wrong." ECF No. 1-1 at 3.

The Court interprets Davis's complaint as attempting to bring constitutional claims alleging denial of access to the courts and retaliation. Davis names six Defendants but provides only minimal information about the actions of some Defendants and no information at all about the actions of other Defendants. Davis has not adequately alleged how each named Defendant acted to violate his federal constitutional rights under 42 U.S.C. § 1983. Liability under § 1983 attaches only upon a defendant's personal participation in the constitutional violation. *See Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985); *see also Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004).

Davis has not provided sufficient facts to state a claim for denial of access to the courts. He generally asserts that he could not add additional attorneys to his telephone list during the first ten days of every 90 days, which then caused him to have to appear on November 6, 2023, for a resentencing hearing without an attorney present and prevented him from hiring an attorney to file post-trial motions. *Id.* at 3–4. Davis does not indicate why he needed to add additional attorneys to his telephone list, if he had another means to contact attorneys, or if he had already retained an attorney and was trying to verbally communicate with that person. He also does not provide information pertaining to his criminal case, including where it was pending, the case number, and how he was harmed by the lack of counsel.

Prisoners have a constitutionally protected right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, "a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F.3d 773, 776 (4th Cir. 1997) (quoting *Lewis v. Casey*, 518 U.S. 343, 355 (1996)). Actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *Lewis*, 518 U.S. at 399. Davis has not adequately pleaded an access-to-the-courts claim and will be provided with an opportunity to file an amended complaint.

Davis also has not adequately stated a claim that Defendants retaliated against him for filing grievances and court cases. He generally asserts that he had difficulty using his tablet and concludes that this is because Defendants were retaliating against him. Davis has not provided facts indicating that any Defendant was aware that he had filed grievances or lawsuits and then acted in a way to punish, or retaliate against him, for doing so.

To state a claim of retaliation for exercising a First Amendment right, a plaintiff must allege that: (1) the plaintiff engaged in protected First Amendment activity; (2) the defendant took some action that adversely affected the First Amendment rights; and (3) there was a causal relationship between the protected activity and the defendant's conduct. *See Shaw v. Foreman*, 59 F. 4th 121, 130 (4th Cir. 2023); *Martin v. Duffy*, 858 F.3d 239, 249 (4th Cir. 2017); *Constantine v Rectors & Visitors of George Mason Univ.*, 411 F.3d 479, 499 (4th Cir. 2005).

Davis does not allege that a First Amendment right was violated by any individually named Defendant or that there was any relationship between his filing of grievances and court cases and Defendants' actions towards him. An inmate cannot simply assert a generalized retaliatory animus but must allege facts that support the claim of retaliation. *White v. White*, 886 F. 2d 721, 724 (4th Cir. 1989). Moreover, a retaliation claim fails if there is a legitimate reason for the alleged retaliatory action. *Mt. Healthy City Sch. Dist. Bd. Of Educ. v. Doyle*, 429 U.S. 274, 287 (1977).

As complaints drafted by self-represented plaintiffs are held to a less stringent standard than those drafted by attorneys, a plaintiff who submits an inartfully pleaded complaint that includes a potentially cognizable claim should have the opportunity to particularize the complaint to define the issues and to name proper defendants. *See Johnson v. Silver*, 742 F.2d 823, 825 (4th Cir. 1984). Davis is granted 28 days in which to file an amended complaint to address the deficiencies noted in this Memorandum. Davis will be provided with the Court's complaint form which he should use to file his amended complaint.

In the amended complaint, Davis must name as defendants each individual he seeks to hold responsible for the alleged wrongdoing; the identity of each individual; the dates of the alleged incidents; a description of the harm he suffered; and facts indicating what action each Defendant did or did not do that resulted in him being harmed.

To comply with the Federal Rules of Civil Procedure, the amended complaint must contain, at minimum, a short and plain statement of the claim that shows the plaintiff is entitled to relief and a request for relief, *see* Fed. R. Civ. Proc. 8(a), and also list the name of each defendant and describe what they did and when, *see* Fed. R. Civ. Proc. 10(a). Additionally, under Rule 8(a), a pleading must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under Rule 8(d)(1), each allegation in a complaint should be "simple, concise, and direct." A pleading that offers only labels and conclusions or a formulaic recitation of the elements of a cause of action does not satisfy Rule 8's basic pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

As a reminder: an amended complaint replaces the original complaint filed. The general rule is, "an amended pleading ordinarily supersedes the original and renders it of no legal effect." *Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000) (noting exception for purposes of appellate review of claims dismissed in original complaint that were not included in amended complaint)). Therefore, the amended complaint required by this Order must include all of the allegations against each Defendant, so that the amended complaint may stand alone as the sole complaint in this action which Defendants must answer.

**II.    Motion for Preliminary Injunction and Request for Hearing**

While housed at JCI, Davis filed a motion for a preliminary injunction and request for a hearing. ECF No. 6. In support of the motion, Davis alleges that his ability to use his tablet to text family and friends was denied by the "Intelligence Unit, a group of correctional officers," who are "arbitrarily sanctioning" him without due process for filing grievances. ECF No. 6 at 1–2. He

seeks an injunction to prevent Defendants' interference with his ability to hire counsel and to access the court. *Id.* at 3.

A preliminary injunction is an extraordinary and drastic remedy. *See Munaf v. Geren*, 553 U.S. 674, 689-90 (2008). To obtain a preliminary injunction, a movant must demonstrate: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008); *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010), *reinstated in relevant part on remand*, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Significantly, as discussed, Davis has not yet stated a claim for relief that may go forward, and he has been directed to file an amended complaint. Davis cannot, at this juncture, demonstrate that he is likely to succeed on the merits. Further, Davis filed the motion for preliminary relief when he was housed at JCI and names as Defendants a number of individuals who appear to be employed at JCI. It is not clear if he is still having difficulties with his tablet at WCI, where he is currently housed, or if issuing an injunction against JCI employees will have any impact on his use of the tablet while he is housed at WCI. Based on the record, the Court will deny the motion for a preliminary injunction and request for a hearing, without prejudice.

### III. Motion for Appointment of Counsel and Service by the U.S. Marshal

Davis filed a motion requesting appointment of counsel and service of the complaint on Defendant ViaPath Technologies by the U.S. Marshal. ECF No. 10.

It is well-established that "[a] pro se prisoner does not have a general right to counsel in a § 1983 action." *Evans v. Kuplinski*, 713 F.App'x 167, 170 (4th Cir. 2017) (citing *Whisenant v.*

*Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989)). Although counsel may be appointed for indigent parties under certain circumstances, Davis is not proceeding in forma pauperis in this case, and he has demonstrated the ability to present his claims on his own or to secure assistance in doing so. *See Lassiter v. Dep't of Soc. Servs. of Durham Cnty., N.C.*, 452 U.S. 18, 25–31 (1981); 28 U.S.C. § 1915(e)(1). Thus, Davis is ineligible for appointment of counsel, and his motion to appoint counsel shall be denied without prejudice.

Further, the Court has not yet determined that Davis has a viable claim that may go forward against ViaPath Technologies, and, therefore, service by the U.S. Marshal is premature. For this reason, the motion for service will be denied without prejudice.

A separate Order follows.

  12/9/24                                                          /S/                    
Date                                               Matthew J. Maddox
                                                   United States District Judge